GEORGINA FOX et al., complainants-respondents,

*v.*

ARTHUR FRAME impleaded with ANNA T. FOX et al., defendant-appellant.

[Submitted May 15th, 1945.   Decided September 27th, 1945.]

*Mr. Walter E. Cooper,* for the appellant.

*Mr. John G. Flanigan,* for the respondent Edward M. Salley, Jr., receiver.

The opinion of the court was delivered by

PARKER, J.

The bone of contention in this case is the ownership, legal ·and equitable, of one of the ten shares of stock (which was the total stock) of the Phox Bus Corporation, owner of a bus which formerly operated in Hudson County. About 1939 the Court of Chancery appointed a receiver, and that action we affirmed on appeal. *Taylor* v. *Phox Bus Co., 127 N. J. Eq. 255.* In the course of the receivership the operation of the bus continued, the receiver reported that this had turned out to be unprofitable and recommended a sale, adding that there was doubt as to the ownership of the stock (*129 N. J. Eq. 610*) and recommending that this be investigated and settled. Such investigation was had before him, and his result affirmed in Chancery, *129 N. J. Eq. 614, 615.* On appeal, we held that the determination of stock ownership was *coram non judice* and reversed for proper judicial ascertainment of that question (*129 N. J. Eq. 615*) and further held that the order for sale was not justified by the facts. A later order for sale was approved by this court in the same case, *136 N. J. Eq. 35,* so that that element of the litigation is finally disposed of: and the dispute over stock ownership was brought directly before the Court of Chancery in. the cause now before us on the present appeal of L. Arthur Frame (called Frome in our opinion in the *Taylor Case, 129 N. J. Eq.* (at *p. 613*).

Our examination of the evidence leads to the conclusion that Frame was a donee of one of the original ten shares of stock and so continued throughout the case. He was a nephew of the original owner who organized the corporation, and did considerable work for him, but when the original certificates of stock were ready for issue, was not of age, so that his certificate of one share was withheld until his majority. Some question as to the *bona fides* of the corporation was raised,

but that has been disposed of in the court below in this case, and is not under appeal. Our present decision is that the evidence supports the claim of Frame that his uncle gave him the one share, or awarded it to him for services rendered, reserved it from actual issue to him until he should come of age, and simply omitted to do so later on. In this respect the decree under review will be reversed and remanded for amendment of the decree in accordance with this opinion.

It may be well to add that the case is submitted on briefs, and that the only respondent's brief before us is that of a "substituted receiver" of the Phox Bus Company.

*For modification*—THE CHIEF-JUSTICE, PARKER, CASE, BODINE, DONGES, HEHER, PERSKIE, COLIE, OLIPHANT, WELLS, RAFFERTY, DILL, FREUND, McGEEHAN, JJ.    14.